WO

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Chad Shoults,

           Plaintiff,

v.

G4S Secure Solutions (USA) Incorporated,

           Defendant.

No. CV-19-02408-PHX-GMS

**ORDER**

    Pending before the Court is Plaintiff Chad Shoults' Motion for FLSA Conditional Certification and to Authorize Notice to Similarly Situated Persons Under 29 U.S.C. § 216(b) and for Expedited Discovery. (Doc. 32.) The Motion is granted in part and denied in part.

## BACKGROUND

    Defendant G4S Secure Solutions (USA) Inc. is a national security company that employs approximately 1,100 security officers to patrol various client sites[1] throughout Arizona. Plaintiff was employed with Defendant as a security officer from 2015 to February 2019. During his employment, Plaintiff worked at multiple client sites in Arizona, including Marina Heights in Tempe, Arizona and Cyrus One in Chandler, Arizona. Plaintiff was employed as a non-exempt, hourly security officer initially paid $13.00 per hour; his wage eventually increased to $14.74 per hour. Plaintiff alleges that he and other security

---

[1] Defendant's clients include detention centers, a copper mine, hospitals, airports, an educational institution, residential communities, data centers, retail and office spaces, parks, and municipal buildings.

officers were required to perform various pre-shift and post-shift duties without compensation, such as "picking up and returning equipment, assisting with staff turnover, and attending mandatory meetings." (Doc. 34 at 2.) Plaintiff alleges that his specific job duties required him to "arrive early at his work site prior to his shift to pick up equipment and obtain the pass down information reported" by the previous shift's security officer, "remain at his post longer than his scheduled shift until he was relieved by the [s]ecurity [o]fficer scheduled to work the shift after his," and "stay late for meetings required by management." (Doc. 34 at 3.)

Plaintiff filed this collective action under the Federal Labor Standards Act (FLSA) on behalf of himself and other similarly situated G4S security officers in Arizona, alleging that Defendant fails to pay its officers the overtime wages they are due. This Motion for Conditional Certification followed. Plaintiff requests an order: (1) conditionally certifying this lawsuit as a collective action under the FLSA; (2) authorizing him to mail, email and text notice to other potential plaintiffs; (3) approving a Proposed Notice and Consent to Opt-In to Lawsuit; and (4) requiring that, within ten days of the Court's ruling, Defendant produce the names, addresses, email addresses, and cell phone numbers of all current and former security officers who worked for Defendant in Arizona from February 27, 2017 to the present.

**DISCUSSION**

**I.    Conditional Certification**

An employee may bring an FLSA collective action on behalf of himself and other "similarly situated" employees. 29 U.S.C. § 216(b). However, neither the statute nor the Ninth Circuit has defined the phrase "similarly situated." District courts within the Ninth Circuit "generally follow the two-tiered or two-step approach for making a collective action determination." *Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914, 925 (D. Ariz. 2010). Under this approach, "a court typically makes an initial 'notice stage' determination of whether plaintiffs are 'similarly situated.'" *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001). At this step, the burden is on the plaintiff to establish that she

is similarly situated to the rest of the proposed class, but the standard "requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id*. (internal quotation and citation omitted). The requirement is a "lenient" burden, which may be satisfied through affidavits and the complaint alone. *Goudie v. Cable Commc'ns, Inc*., 2008 WL 4628394, at *3–4 (D. Or. Oct. 14, 2008).

Relying on *Luksza v. TJX Companies, Inc*., No. 2:11-CV-01359-JCM, 2012 WL 3277049 (D. Nev. Aug. 8, 2012), and *Lewis v. Nevada Prop. 1*, LLC, No. 2:12-CV-01564-MMD, 2014 WL 1379696 (D. Nev. Apr. 8, 2014), Defendant argues that the Court should take an "intermediate approach" and apply a heightened standard in deciding conditional certification "since the Parties have engaged in extensive fact discovery." (Doc. 41 at 10.) "Since filing . . . [Defendant has] produced almost 2,000 pages of documents, and Plaintiff deposed [Defendant's] corporate representative on wide ranging issues associated with the purported class." *Id.* But discovery in this case is not as extensive as in *Luksza*, where, at the time the plaintiff requested conditional certification, "all seven named and opt-in Plaintiffs ha[d] been deposed; four Rule 30(b)(6) depositions of Defendant's corporate representatives ha[d] been conducted; several discovery requests ha[d] been served and responded to, resulting in the production of nearly 5,000 pages of documents; and sworn declarations from 20 . . . [s]hift [s]upervisors . . . [had] been collected." 2012 WL 3277049 at *9. And in *Lewis*, the plaintiff was requesting an *expansion* of an already conditionally certified class. 2014 WL 1379696 at *1. Conducting discovery "pertinent to conditional certification is not inconsistent with applying the first stage of the two-tier analysis at this point in the litigation. Discovery is not yet complete, because if the Court were to certify a collective action, more discovery on the merits would need to be scheduled." *Wood v. TriVita, Inc.*, No. CV-08-0765-PHX-SRB, 2009 WL 2046048, at *3 (D. Ariz. Jan. 22, 2009). The Court will apply the traditional "lenient" conditional certification standard at this stage of the proceedings.

/ / /

"To proceed to the notification stage of the litigation, Plaintiffs' allegations need . . . . only show that there is some 'factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged policy or practice.'" *Stickle v. SCI W. Mkt. Support Ctr., L.P.*, No. 08-083-PHX-MHM, 2009 WL 3241790, at *3 (D. Ariz. Sept. 30, 2009) (quoting *Bonila v. Las Vegas Cigar Co.*, 61 F. Supp. 2d 1129, 1138 n.6 (D. Nev. 1999)). Plaintiff must show that he and the "prospective opt-in plaintiffs" are similarly situated "with respect to their job requirements and with regard to their pay provisions." *Wood*, 2009 WL 2046048, at *4. Plaintiff need not "provide evidence that every facility relevant to the proposed class maintains an illegal policy"—he is "not asking the court to infer a finding of liability at all of [Defendant's] facilities." *Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530, 537 (N.D. Cal. 2007). Moreover, "in making a determination in whether to conditionally certify a proposed class for notification purposes only, courts do not review the underlying merits of the action." *Colson*, 687 F.Supp.2d at 926.

Defendant asserts that the relevant inquiry is "whether the facts of Plaintiff's claim, i.e. the pass-downs or continuous security coverage, are applicable to the entire class," and that because "[n]umerous G4S security officers in Arizona never participate in pass-downs and never need to wait for someone to relieve them," Plaintiff's Motion must fail. (Doc. 41 at 11.) But Plaintiff's claim is "broader than that and centers on the uniform policy that Security Officers must be ready to work when their scheduled shifts start," requiring them to "conduct various duties off the clock before and after their shifts, which includes the pass down . . . in addition to other tasks identified by Plaintiff." (Doc. 45 at 6.) Plaintiff's proposed class is not like the proposed class in *Wood*, where potential class members "performed a variety of different jobs as call center employees, office clerical, administrative, and executive assistants, accounting and payroll employees, and health and wellness coaches and consultants." 2009 WL 2046048, at *4. Rather, the security officer class members proposed here have a common legal classification (non-exempt and entitled to overtime); a common job function (providing security and patrol services at client

locations, whether "on foot . . . in a car, rover; or some standing post," (Doc. 42-1 at 32)); a common training program ("Q. Would it be fair to say that this training policy applies to all the security officers in Arizona? A. Yes." (Doc. 34-1 at 22)); common policies and procedures applicable to them ("the policies and procedures outlined in the Security Officer Handbook in Exhibit 6 apply to all the security officers, regardless of their title or location," (Doc. 42-1 at 67); "Q. . . . So you agree . . . that with respect to [all the security officers in Arizona], that there is a requirement to conduct pass down when transitioning a shift, correct? A. If there is pass down information, yes." (Doc. 34-1 at 34–35)); and a common compensation scheme ("Q. And that -- that compensation that you described, the hourly wage would be uniform as to all the security officers in Arizona, as far as the structure? . . . A. Yes." (Doc. 34-1 at 7)).

Nor is Plaintiff like the plaintiff in *Colson*, who had "minimal contact" with potential class members and "provided information relating to Defendant's employment practices . . . based on nothing more than her opinions, which are vague and appear to be based on unspecified hearsay from unidentified sources." 687 F. Supp. 2d at 928. Plaintiff identifies "Amber Stewart[2], Wesley Harris, Steven Strange, and George Riggs" and "Security Officers for whom I do not know their full names, but they went by Anastazia, Ashlock, Bennett, Kliner, Langley, Moore, Perry, Streator, Tisdale, two by the name of Voorhees, Workman, and Yost" as officers who confirmed that they "are compensated in the same manner using the same compensation policies that resulted in off the clock work." (Doc. 32-3 at 4.) Plaintiff's declaration does not merely "describe[] the experience of one former . . . employee in one office who is claiming to have not been paid the overtime wages []he was entitled to," *Colson*, 687 F.Supp.2d at 929, but rather supplements his own testimony with that of other similarly situated employees.

The standard applied at this stage is so "lenient" that the Court need not even consider evidence provided by defendants. *Kress v. PricewaterhouseCoopers, LLP*, 263

---

[2] After Defendant had filed its response to Plaintiff's Motion stating that "none of these alleged employees have opted into the class" (Doc. 41 at 15), Amber Stewart filed Consent to Opt-In to the Lawsuit on April 21, 2020.

F.R.D. 623, 628 (E.D. Cal. 2009). This case is like *Villarreal v. Caremark LLC*, 66 F. Supp. 3d 1184, 1190 (D. Ariz. 2014), *abrogated on other grounds by Campbell v. City of Los Angeles*, 903 F.3d 1090 (9th Cir. 2018), in which the defendant submitted declarations in an attempt to show "disparate factual and employment settings of the individual plaintiffs." As in *Villarreal*, Defendant's evidence "pertain[s] to the second, and not the first tier of conditional class certification." *Id.* At the first tier, the question "is not whose evidence regarding commonality is more believable, but simply whether plaintiffs have made an adequate threshold showing that there are substantially similar putative class members"; "[t]he fact that a defendant submits competing declarations will not as a general rule preclude conditional certification." *Id*. at 91 (citations omitted). Thus, the Court "declines to consider [Defendant's evidence] at this stage." *Id.* at 90. Plaintiff has made an adequate showing that there are "substantially similar putative class members" to warrant conditional certification of his proposed class. *Id.* at 91.

## II.    Notice to Other Potential Plaintiffs

Plaintiff asserts that notice should be given to other similarly situated officers, and that the Court should facilitate this notice by authorizing Plaintiff's proposed notice attached as an exhibit to his Motion. Plaintiff requests that this notice be distributed by mail, email, and text, and that those individuals interested in participating be given ninety days from distribution to return their consents to Plaintiff's counsel. Finally, Plaintiff requests a ten-day discovery deadline for Defendant to produce the names, last known addresses, email addresses, and cell phone numbers of all current and former security officers employed with Defendant from February 27, 2017 to the present.

Defendant does not object to the Court authorizing notice in the event conditional certification is granted; nor could it, as "district courts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . by facilitating notice to potential plaintiffs." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989). However, Defendant objects to the content of Plaintiff's proposed notice on several grounds and asks for time to confer with Plaintiff's counsel to narrow the issues and submit a proposed notice.

Plaintiff accepts some of Defendant's minor proposed changes but maintains that other aspects of his notice are legally sufficient. The Court will grant Defendant's request for additional time to meet and confer regarding the notice. However, if the parties cannot arrive at an agreement by twenty-one days from the date of this order, they will seek the intervention of the Court to resolve the remaining issues.

Defendant further objects to Plaintiff's request to deliver notice via email and text, and to the amount of time permitted for opt-in plaintiffs to file their consent. Defendant also objects to discovery of a roster of all former and current employees and their contact information within ten days. As in *Scales v. Information Strategy Design Inc.*, 356 F. Supp. 3d 881, 888–89 (D. Ariz. 2018), the Court finds no reason to prohibit email notification, especially considering that the COVID-19 pandemic may, in some cases, cause delays in the delivery of physical mail. "So long as potential class members are provided with the notice via first-class mail, the Court sees no harm in supplementing that notice with an email." *Id.* Moreover, Defendant has provided no reason—nor is any apparent to the Court—why the Court should not allow notice via text message with the text[3] Plaintiff has proposed. *See Irvine v. Destination Wild Dunes Mgmt., Inc.*, 132 F. Supp. 3d 707, 711 (D.S.C. 2015) ("The request that notice be distributed via . . . text messaging appears eminently reasonable to the Court. This has become a much more mobile society with one's email address and cell phone number serving as the most consistent and reliable method of communication."). Nor has Defendant provided any support for its assertion that "the Notice period is too long and should be shortened to 60 days from when the Notice is sent." (Doc. 41 at 16.) A ninety-day period from the date notice is mailed for opt-in plaintiffs to file their consent to join the litigation is reasonable. *See Ambrosia v. Cogent Commc'ns, Inc.*, 312 F.R.D. 544, 559 (N.D. Cal. 2016).

Finally, Plaintiff's proposed class, "potentially encompass[ing] thousands of current and former employees," warrants more than ten days to produce the information requested

---

[3] That text reads: "If you have worked as a Security Officer in Arizona for G4S Secure Solutions (USA), Inc. anytime from February 27, 2017 to the present, you might be entitled to join a lawsuit claiming back pay for overtime compensation. For additional information about the case and how to join, visit [insert URL]." (Doc. 34 at 17.)

by Plaintiff. (Doc. 41 at 16.) However, as "time is of the essence" while the "statute of limitations on the claims of potential plaintiffs continues to run until each individual files a written consent to join the action as a party plaintiff" (Doc. 34 at 13–14), the Court will require that Defendant produce names, last known addresses, email addresses, and cell phone numbers of all current and former security officers employed by Defendant from February 27, 2017 to the present within thirty days.

## CONCLUSION

Plaintiff has shown that he and the "prospective opt-in plaintiffs" are similarly situated "with respect to their job requirements and with regard to their pay provisions." *Wood*, 2009 WL 2046048, at *4, sufficient to warrant conditional certification pursuant to 29 U.S.C. § 216(b).

**IT IS THEREFORE ORDERED** that Plaintiff Chad Shoults' Motion for FLSA Conditional Certification and to Authorize Notice to Similarly Situated Persons Under 29 U.S.C. § 216(b) and for Expedited Discovery is **GRANTED in part** and **DENIED in part** as follows:

1. This lawsuit is conditionally certified as a collective action.

2. The parties will meet and confer regarding the contents of a joint notice, and on or before **August 21, 2020**, submit a proposal to the Court. If the parties cannot reach an agreement by this date, they will seek the intervention of the Court to resolve the remaining issues.

3. Plaintiff is authorized to distribute notice via both email and text message. Plaintiff will also provide notice via first-class mail. All forms of notice will be sent simultaneously. Opt-in plaintiffs will have ninety (90) days from the date notice is mailed to file their consent to join the litigation.

4. By no later than **August 31, 2020**, Defendant will produce names, last known addresses, email addresses, and cell phone numbers of all current and former security officers employed by Defendant from February 27, 2017 to the present.

/ / /

**IT IS FURTHER ORDERED** that the deadlines in the Case Management Order (Doc. 20) shall begin from the date of this Order.

Dated this 31st day of July, 2020.

_____
G. Murray Snow
Chief United States District Judge