**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chad Shoults, | No. CV-19-02408-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| G4S Secure Solutions, | |
| Defendant. | |

Pending before the Court is Defendant's Motion to Extend Expert Discovery Deadline (Second Request), (Doc. 272); Plaintiff's Motion to Strike Defendant's Reply in Support of Motion to Extend Expert Discovery Deadline, (Doc. 278); and Defendant's Motion to Extend Expert Discovery Deadline, (Doc. 282).[1]  For the following reasons, the Court denies all Motions.

## BACKGROUND

Plaintiff filed this FLSA collective action for unpaid overtime and retaliation on April 15, 2019.  (Doc. 1 at 1–2.)  The Court entered its Case Management Order on August 5, 2019, which set discovery deadlines a specific number of days after a future ruling on

---

[1] Although Defendant's second Motion to Extend is labeled "Defendant's Memorandum in Support of Its Motion to Extend Expert Discovery Deadline," the last sentence suggests that Defendant is actually asking for an extension of all deadlines. (Doc. 283 at 1, 4) ("For these reasons, [Defendant] respectfully requests this Court issue an order granting a thirty (30) day extension of *all deadlines* in the April 9, 2021 Case Management Order." (emphasis added)).  Accordingly, the Court will treat it as a Motion to Extend All Deadlines in the Case Management Order.

class or collective action certification. (Doc. 20.) Following that ruling, the Court granted the parties' stipulation to extend discovery deadlines. (Doc. 53.) The parties filed stipulations requesting extensions of the April 20, 2021 deadline for fact discovery and supplementation of mandatory disclosures, (Doc. 266 at 3) and of the February 19, 2021 deadline for expert discovery (Docs. 272, 275 at 2.) On April 20, 2021, the Court once again extended the deadlines for fact discovery and supplementation of mandatory disclosures. Per the Order (Doc. 268), the parties had until July 23, 2021 to complete fact discovery.

Defendant now moves to extend both the expert discovery deadline and the fact discovery deadline. (Doc. 272); (Doc. 282.) Because Defendant untimely filed its Reply Brief to its Motion to Extend the experts discovery deadline, Plaintiff seeks to have it stricken.[2] (Doc. 278.)

## DISCUSSION

### A. Extension of Expert Discovery Deadline

Defendant seeks to extend the deadline for expert discovery. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause" exists, and the schedule should be modified, "if [the deadline] cannot reasonably be met despite the diligence of the party seeking the extension." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). However, "[i]f the party seeking the modification 'was not diligent, the inquiry should end[,]' and the motion to modify should not be granted." *Id.* (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

Defendant points to no evidence that it has acted "diligently." Instead, it makes a conclusory statement about diligence before making a generalized reference to the COVID-19 pandemic. (Doc. 272 at 3.) But Defendant does not explain how the pandemic has affected discovery, nor does it explain why the deadline could not have been met despite reasonable diligence. Moreover, Defendant failed to file the Motion to Extend until

---

[2] Although due on June 3, 2021, Defendant filed its Reply on June 10, 2021. (Doc. 277.)

three months after the deadline had already passed. (Doc. 272.) Although Defendant blames the delay on interrogatories that were answered after the deadline, these interrogatories were sent only eleven days before the discovery deadline that had been in place since August 2020—six months earlier. (Doc. 277 at 2–4.) Defendant has failed to show it is has acted to diligently to meet the expert discovery deadline. Accordingly, its Motion to Extend is denied.[3]

**B. Second Motion to Extend**

Defendant next seeks to extend "all deadlines in the April 9, 2021 Case Management Order." (Docs. 282 and 283 at 4.) However, no good cause exists to extend the deadlines. Although Defendant's representation has moved to a new law firm, lead counsel remains unchanged. (Doc. 283 at 3–4.) Moreover, Defendant admits that "in late February 2021, it became clear that Allied Universal would purchase [Defendant]," and "[c]ounsel for [Defendant] immediately informed counsel for Plaintiff that [the] merger . . . may impact the attorney(s) and firm(s) assigned to represent [Defendant], as well as the discovery schedule."[4] (Doc. 283 at 2.) Therefore, Defendant knew of the potential firm change months before the deadline in July. And, notably, the representation remained unchanged up to ten days before the deadline, and the Motion to Withdraw was not filed until the day of the deadline. (Doc. 283 at 3); (Doc. 286 at 6–7); (Doc. 281.) Defendant has failed to establish why a firm change so shortly before the deadline would affect discovery deadlines in place since early April, or why Defendant canceled or rescheduled six depositions prior to the representation changing. (Doc. 286 at 7.) Tellingly, nearly half of Defendant's desired depositions—all now canceled—were scheduled in the ten days preceding the discovery deadline that had been in place for three months. (Doc. 286 at 8.) Defendant's Motion to Extend is denied.[5]

---

[3] Because Defendant's Motion to Extend fails even in consideration of the arguments made in the Reply, Plaintiff's Motion to Strike is moot.

[4] Although Defendant claims that it knew of the potential firm change since "late February" in its Brief, it represented to Plaintiff that it had known "since January." (Doc. 286-1 at 2.)

[5] Defendant also argued that the mediation scheduled for August 25 provided "good cause" to extend the discovery deadline because counsel would have to prepare for the mediation

## CONCLUSION

Defendant has failed to show good cause and diligence to warrant an extension of time. Because the expert discovery deadline and fact discovery deadline have both passed, no further fact discovery will be permitted.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Extend Expert Discovery Deadline (Second Request) (Doc. 272) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Defendant's Reply in Support of Motion to Extend Expert Discovery Deadline (Doc. 278) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Extend Expert Discovery Deadline (Doc. 282) is **DENIED.**

Dated this 14th day of September, 2021.

G. Murray Snow
Chief United States District Judge

---

in addition to completing discovery. (Doc. 283 at 3.) Because Defendant has since canceled that mediation, this argument is now moot. (Doc. 288 at 2); (Doc. 290 at 2.)

- 4 -